UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,
*ex rel.* MARY SCOTT,

        Plaintiff,

v.

METROPOLITAN HEALTH
CORPORATION d/b/a METROPOLITAN
HOSPITAL, a Michigan corporation, and
MICHAEL FAAS, an individual, jointly
and severally,

        Defendants.
_____/

Case No. 1:02-CV-485

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on the parties' cross-motions for partial summary judgment. The Court has received a large number of lengthy legal memoranda from both counsel for Plaintiff Mary Scott and counsel for Defendants Metropolitan Health Corporation and Michael Faas. Oral argument is unnecessary in light of the briefing received.

Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences

are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

This lawsuit began as a False Claims Act suit under 31 U.S.C. § 3730. As such, the suit was originally filed under seal to permit the United States Attorney General to investigate the allegations. *See* 31 U.S.C. § 3730(b)(2). After such investigation, the United States determined that it would intervene in part under the False Claims Act concerning losses to the Medicare program. (*See* Notice of Election, Dkt. No. 25 at 1-2.) After the intervention, the United States reached a sizable settlement with Defendants regarding the False Claims Act allegations. (*See* Order of Jan. 30, 2005, Dkt. No. 63.) This settlement did not resolve Plaintiff's claims that Defendants retaliated against her for asserting False Claims Act allegations, nor did it resolve Plaintiff's state law claims. (*See* Unopposed Mot., Dkt. No. 65; Order of Feb. 11, 2004, Dkt. No. 75.)

Plaintiff has moved for summary judgment on her retaliation claim. Defendants have moved for summary judgment on the retaliation claim as well as Plaintiff's state law claims–with the exception of Plaintiff's state law breach of contract claim for failing to make matching contributions to Plaintiff's retirement plan (as specified in paragraph 66 of the Revised Second Amended Complaint). With respect to Plaintiff's Motion, it is evident that the Motion must be denied. As more fully explained in Defendants' briefing, at the very least, there are genuine issues of material fact which preclude summary judgment in Plaintiff's favor. The Affidavit and Supplemental Affidavit of Michael Fass (as well as Defendants' others exhibits) at least create genuine issues of material fact as to whether Plaintiff's termination was motivated by legitimate employment concerns as opposed to illegal retaliation for protected conduct. As such, the Motion will be denied.

With respect to Defendants' Motion, the Motion will be denied without prejudice because the Court believes that the review of a compact and corrected record would foster better decision making. The instant record contains not three, but at least six briefs as to Defendants' Motion (not counting the briefing of Plaintiff's Motion) due to the parties' multiple requests for correction and supplementation. It also contains many wayward exhibits which were not attached to Judge's copies of the briefs, including sealed exhibits which were not attached.[1] In addition, the briefing, and for the most part Plaintiff's briefing, includes many affidavits and exhibits containing improper evidence under Federal Rule of Evidence 56(e). *See Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991); *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994). The briefing contains many references to hearsay documents, such as books and newspaper accounts, and an inordinate number of lay opinions about matters outside the affiants' personal knowledge.[2] The Court's review of the record would be facilitated by the removal of evidence which is improper under Rule 56(e), *i.e,* the parties should focus their attention as to evidence (mostly affidavits and deposition testimony) concerning what did or did not occur at relevant times. The review of lengthy and improper documentary materials only serves to unnecessarily tax the Court's limited resources.

---

[1] For the purposes of this case, it is important that the Court receive Judge's copies of the briefing which include all referenced exhibits, including sealed exhibits.

[2] The worst of the affidavits are the several rebuttal affidavits of Mary Scott which provide a sort of running commentary on matters (mostly others' intentions) outside her personal knowledge. While saying so, the Court recognizes that Plaintiff as a non-movant benefits from legitimate inferences as to material matters–though the making of inferences should be reserved to counsel's arguments as to material matters.

While the Court willingly excuses such deficiencies in the case of *pro se* parties, there is no reason to do so when the parties are represented by highly skilled attorneys.

The Court expects that Defendants will desire to re-file the Motion.  The Court is willing to entertain such Motion provided that the forthcoming briefing be done in accordance with the Court's instructions and the Motion be re-filed within 14 days of this Order to permit its prompt resolution before the July trial date.[3]  If so, then a response brief shall be re-filed within 14 days; and a reply brief shall be re-filed within 9 days.  Each of these briefs may exceed the page limitations of the Local Rules without additional order, though the parties should be judicious in their use of additional pages.  The Court expects that the briefing will comply with these instructions least the non-compliant counsel desire personal sanction.  No more practice.  No more Mulligans.

An Order shall enter consistent with this Opinion.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 2, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |

---

[3]The Court intends to rule on the Motion promptly after the briefing is completed.  If this creates practical problems in terms of trial preparation, then the parties may move for adjournment, though the Court wishes to avoid this if possible.