UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,
*ex rel.* MARY SCOTT,

       Plaintiff,

v.

METROPOLITAN HEALTH
CORPORATION d/b/a METROPOLITAN
HOSPITAL, a Michigan corporation, and
MICHAEL FAAS, an individual, jointly
and severally,

       Defendants.
_____/

Case No. 1:02-CV-485

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on two motions by Plaintiff Mary Scott. Plaintiff requests an immediate certification pursuant to 28 U.S.C. § 1292(b) for the purpose of making an interlocutory appeal of prior rulings. Plaintiff has also moved for an adjournment of trial due to a serious and debilitating illness of one of her attorneys. Oral argument as to the motions is unnecessary.

      Plaintiff's section 1292(b) motion seeks an extraordinary remedy which would greatly delay a lawsuit which is now nearly three years old. The motion relates to prior rulings of United States Magistrate Judge Ellen S. Carmody and this Court concerning both discovery and the introduction of *qui tam* matters as part of the retaliation proofs. These same matters are also the subject of a recently filed *in limine* motion by defense counsel. Upon review of the request, it should be denied. The request is untimely since filed considerably after the rulings in question. *See Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990). The request may well be rendered moot by the pending *in limine* motion. Further, Plaintiff has not shown that an interlocutory appeal would "materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Rather, in the Court's experience, such an appeal would only delay an already protracted

litigation.  *See also Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993) (holding that certifications are to be done sparingly and only in exceptional circumstances); *Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) (same).  Therefore, such motion will be denied.

Plaintiff's adjournment motion is more reasonable.  It is premised on the recent illness of one of her principal attorneys, Monica Navarro.  According to the papers, she is recovering from an illness which left her temporarily blind for approximately one month.  Based on this illness, Plaintiff seeks an adjournment of ninety days to allow for Ms. Navarro's full recovery and adequate trial preparations.  Defendants oppose this request because of the age of the case and the significant costs to Defendants of any delay of trial.  The Court fully understands Defendants' position–especially since the adjournment motion was itself delayed and has not prevented Plaintiff from otherwise litigating extensively before this Court.  However, the Court will permit a modest adjournment to ensure continuity of counsel for Plaintiff and to protect the record on appeal. Further requests for adjournment premised on the health of Monica Navarro, however, will be denied outright given the opportunity of Plaintiff to make alternate arrangements before the rescheduled trial date.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Mary Scott's Motion for Immediate Certification of Appeal (Dkt. No. 528) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Adjourn (Dkt. No. 525) is **GRANTED IN PART AND DENIED IN PART** inasmuch as the trial of this matter is **ADJOURNED** until the August 2005 trial term and the final pretrial conference is **ADJOURNED** until July 5, 2005 at 3:30 p.m.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 2, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |