UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,
*ex rel.* MARY SCOTT,

           Plaintiff,

v.

METROPOLITAN HEALTH
CORPORATION d/b/a METROPOLITAN
HOSPITAL, a Michigan corporation, and
MICHAEL FAAS, an individual, jointly
and severally,

           Defendants.
_____/

Case No. 1:02-CV-485

Hon. Richard Alan Enslen

**<u>ORDER</u>**

       This matter is before the Court on two motions filed by Plaintiff Mary Scott and one motion filed by Defendants Metropolitan Health Corporation and Michael Faas: (1) Plaintiff's Motion for Reconsideration of the Court's Opinion and Order of September 29, 2005 assessing liability against Plaintiff for sanctionable litigation conduct; (2) Plaintiff's Motion for Sanctions Against Michael Faas; and (3) Defendants' Motion to Quash Subpoena of Kane & Trap.

       Regarding the Motion for Reconsideration, Plaintiff, through counsel, recently filed a document requesting withdrawal of said Motion.  The document, at paragraph 6, explained that the non-production of  the February 7, 2002 meeting tape must have been the fault of a paralegal, Amy Brown, even though Ms. Brown has "no reasonable explanation as to how such a tremendous omission could have occured in this case.  Indeed, she has no reasonable explanation as to why this office has no record of the Large Cassette Tape ever being in existence, ever being received by this office, or ever being mailed to Defendants." (Notice of Withdrawal ¶ 6.)  Based on this admission, Plaintiff's counsel seeks to withdraw

both its Motion for Reconsideration and its subpoena concerning the production of the tape. (*Id.* ¶¶ 7-10.) As such, the Motion and subpoena will be withdrawn.

Regarding Plaintiff's own Rule 56(g) Motion, the Motion does not adequately support the factual predicate that Michael Faas lied in his affidavit.  Furthermore, even assuming that some misrepresentation was made, then the representation did not cause prejudice because it was irrelevant to the Court's analysis of the summary judgment issues.  Therefore, said Motion must be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff Mary Scott's Motion for Reconsideration (Dkt. No. 607) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff Mary Scott's Motion for Sanctions Against Michael Faas (Dkt. No.617) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Metropolitan Health Corporation and Michael Faas' Motion to Quash Subpoena (Dkt. No. 624) is **DENIED** as moot.

 /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
     November 3, 2005              SENIOR UNITED STATES DISTRICT JUDGE