UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA
*ex rel.* MARY SCOTT,

        Plaintiff,

v.

METROPOLITAN HEALTH
CORPORATION d/b/a
METROPOLITAN HOSPITAL,
and MICHAEL FAAS,

        Defendants.
_____/

Case No. 1:02-CV-485

Hon. Richard Alan Enslen

**ORDER**

    Plaintiff Mary Scott has moved for post-judgment recusal of the undersigned judge. Defendant Metropolitan Health Corporation has also moved for disbursal of registry funds. The motions has been sufficiently briefed and oral argument is unnecessary.

    Regarding the disbursal motion, this motion has already been effectively decided by Order of the Sixth Circuit Court of Appeals, which Order is controlling pending the resolution of the appeal. As such, the motion will be denied as moot pending resolution of the appeal.

    Regarding the recusal motion, while the Court readily acknowledges and affirms the importance of both impartial justice and the appearance of the same, there is no legal or factual basis for recusal. The circumstances cited by Plaintiff in her Affidavit, if they are true[1], are as follows:

---

[1] Plaintiff originally filed an affidavit stating that the undersigned's wife was an equity partner of Miller, Canfield, Paddock and Stone, PLC during these proceedings, which was untrue and which was readily knowable from easy reference sources (Martindale Hubbell, *etc.*). Plaintiff later recognized that the undersigned's wife does not have an equity position and filed a corrected affidavit. The facts in the affidavit are suggested, not based upon Plaintiff's personal knowledge, but based upon her "investigation" and it is perfectly unclear from the affidavit how

The undersigned's wife has a non-equity position with the law firm of Miller, Canfield, Paddock & Stone, PLC.  During this law suit, another lawyer with Miller, Canfield's Ann Arbor office (not the undersigned's wife) performed legal work, not for Metropolitan Health Corporation, but for a second company which was involved in bonding for Metropolitan Health Corporation's new hospital construction.  This law suit, of course, does not relate to the construction, nor is the second company a party.  No factual basis is asserted in the motion for concluding that the success or failure of Plaintiff's retaliation claim would have had any direct impact upon the hospital financing.  Indeed, the timing of the hospital financing (bonds were issued significantly before the summary judgment decision was rendered) does not suggest any even possible connection between the undersigned's financial interests and the resolution of the suit.  Although the motion asserts the bare conclusion that the undersigned's wife had a financial interest in the outcome of the lawsuit because she profited from legal work involving the bond offering, this conclusion is unexplained and does not follow logically given both the timing of the bond offering and the fact that the undersigned's wife holds a non-equity position.[2]

Mary Scott's Affidavit also assumes either that much of the world has conspired against her or it is rational to infer such a conspiracy.  Her conspiracy allegations include that Bruce Neckers' son has worked for the Honorable David McKeague (now a Sixth Circuit judge) and Judge McKeauge is a member of an ABA committee with Pamela Enslen.  Scott also indicates that Diane

---

many layers of hearsay form the basis of the many factual conclusions asserted.  Suffice it to say, the affidavit cannot form a valid factual basis for any just legal conclusion.

[2]The Motion also says that the "conflicts" were undisclosed–which implies that the undersigned knew about them and failed to disclose them.  This is false–the filing of this Motion was the Court's first notice of unrelated bond work done in Ann Arbor and Judge McKeague's supposed conspiracy to assist his law clerk's relatives.

Wiest (Plaintiff's past secretary) is an in-law of another lawyer for defense counsel.  While these circumstances may be true, they do not suggest bias or the appearance of bias.  They are simply attenuated circumstances of the kind which--if they supported recusal–would prompt recusal of every judge. *See United States v. Bobo*, 395 F. Supp. 2d 1116, 1128-29 (N.D. Ala. 2004).  Similarly, dissatisfaction with judicial rulings does not form a proper basis for recusal.  *Liteky v. United States,* 510 U.S. 540, 555 (1994); *United States v. Campbell,* 59 Fed. Appx. 50, 52 (6th Cir. 2003).

Under the controlling statutes, "a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see also United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (citing *Hughes*). According to the *Hartsel* panel:

> "'Personal bias' is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases.  Personal bias arises out of the judge's background and associations.  The critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"

*Hartsel*, 199 F.3d at 820 (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) quoting *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251-52 (6th Cir. 1989)).  Applying this test, the allegations do not show personal bias, an adverse financial interest or any other basis for recusal.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Metropolitan Hospital Corporation's Motion for Disbursal of Funds (Dkt. No. 662) is **DENIED** pending appeal.

**IT IS FURTHER ORDERED** that Plaintiff Mary Scott's post-judgment Motion for Recusal (Dkt. No. 664) is **DENIED**.

DATED in Kalamazoo, MI:
February 23, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE