UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,
*ex rel.* MARY SCOTT,

        Plaintiff,

Case No. 1:02-CV-485

v.

Hon. Richard Alan Enslen

METROPOLITAN HEALTH
CORPORATION d/b/a METROPOLITAN
HOSPITAL, a Michigan corporation, and
MICHAEL FAAS, an individual, jointly
and severally,

**ORDER**

        Defendants.
_____/

      Plaintiff Mary Scott, through counsel, has objected to and responded in opposition to Defendants Metropolitan Health Corporation (d/b/a Metropolitan Hospital) and Michael Faas's Motion for Release and Distribution of Funds on Deposit. Oral argument is unnecessary in light of the issues raised, the record, and the prior determinations of this Court which have been affirmed on appeal. *See* W.D. Mich. L.Civ.R. 7.3(d).

      Defendants' Motion asks for release of court registry funds which were due Plaintiff Mary Scott, but which have been held in the court registry due to Scott's liability for the attorney fees and costs Judgments of September 29, 2005 and December 13, 2005 against Scott. (*See* Order of November 30, 2005; Judgment of December 13, 2005 (requiring deposit of escrow funds).) Those Judgments were on appeal by the Sixth Circuit Court of Appeals. (*See* Dkt. No. 687.) Prior to affirmance, the Court of Appeals had stayed distribution of the escrow funds (initially $426,470.52) pending appeal. (*See* 6th Cir. Order of Feb. 9, 2006 at 2.) To the extent that Scott has neglected to

include an appeal challenge to the final payment of the escrow funds to Defendants in her various appeals, that issue has been abandoned upon appeal and is no longer reviewable. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir. 1991); *McMurphy v. City of Flushing,* 802 F.2d 191, 198-99 (6th Cir. 1986); *see also United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997) (stating that "a party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for '[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" (quoting *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2nd Cir. 1981))). Furthermore, even were the Court required to revisit the equitable decision which led to the retention of registry funds to be applied to satisfy the attorney fee Judgments, the result would be the same. (*See* Op. of Dec. 13, 2005 at 1-3, 19-23.)

Plaintiff has also objected to Defendants' Motion on the ground that the Motion was not pled in separate numbered paragraphs. While doing so is a technical violation of Federal Rules of Civil Procedure 7(b)(2) and 10(b), precedent refuses to enforce the technical requirement when the matters under review are clear. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1323 (West 2004 ed.) (citing cases); *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). In this instance, the relief sought and the supporting allegations are clear and the absence of numbers has caused no prejudice. As such, the failure to number is excused.

At present, the Court has in its registry a fund of $445,589.06 as of February 29, 2008 plus accruing interest. That fund, though the property of Mary Scott, was held for the purpose of satisfying the attorney fee Judgments. Liability having been now determined on appeal in amounts

far in excess of the fund and the stay of the payment order having lapsed, the fund shall be paid to Metropolitan Health Corporation in care of defense counsel. The Clerk shall also provide a receipt to both Defendants and to Plaintiff to indicate the amount of credit which Scott should receive toward satisfying the outstanding Judgments.[1]

For these and other reasons argued by Defendants in their Motion;

**IT IS HEREBY ORDERED** that Defendants Metropolitan Health Corporation and Michael Faas' Motion for Release and Distribution of Funds on Deposit (Dkt. No. 690) is **GRANTED** and Plaintiff Mary Scott's Objections (Dkt. No. 717) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall pay the registry funds of $445,589.06 plus any and all accrued interest, to Metropolitan Health Corporation by transmitting payment in care of defense counsel, Bruce W. Neckers, at 161 Ottawa, N.W., Suite 600, Grand Rapids, MI 49503.

**IT IS FURTHER ORDERED** that the Clerk shall send a receipt to both Plaintiff's counsel and Defendants' counsel to ensure that Mary Scott is properly credited with the partial payment toward the outstanding Judgments.

DATED in Kalamazoo, MI:  
March 24, 2008

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also filed a cash appeal bond of $25,000 covering the costs on appeal. As of February 29, 2008 that amount plus interest equaled $25,122.69. The Court has not distributed this amount because the Motion did not particularly seek this relief.